THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM JOHNSON, Appellant, *v.* HARRY R. KIDNEY, as Agent and Warden of Auburn Prison, Respondent.

Fourth Department, July 2, 1918.

**Crime — writ of habeas corpus dismissed — when defendant not entitled to parole.**

A writ of habeas corpus must be dismissed, irrespective of the legality of a parole under which the relator has been at liberty, where it appears that he is being held by virtue of a final judgment of a competent tribu-

nal of criminal jurisdiction (Code Civ Proc. § 2032), and it does not appear that his time of service under said judgment has expired.

Since the judgment of conviction expressly adjudged that the defendant had theretofore been convicted of a felony and was, therefore, ineligible for parole, the warden of the prison might have refused to honor a parole and his determination to subject such defendant to the judgment upon his return to prison must be approved.

APPEAL by the relator, William Johnson, from an order of the County Court of Cayuga county, entered in the office of the clerk of said county dismissing the writ of habeas corpus herein.

*William Johnson,* appellant, in person.

*Edward G. Griffin, Deputy Attorney-General,* for the respondent.

Order affirmed, upon the opinion of GREENFIELD, County Judge. All concurred.

The following is the opinion of GREENFIELD, J., in the County Court:

The conceded facts of the case are as follows:

On the 24th day of December, 1909, the relator was convicted of assault in the second degree, at a Court of General Sessions of the Peace in the City and County of New York, whereupon it was adjudged that said Johnson (he having been theretofore convicted of a felony) be imprisoned in the State prison, at hard labor, for the term of five years.

He was received in Sing Sing Prison the same day, and continued to serve under said judgment until the 1st day of October, 1912, when he was paroled by the Board of Parole of State Prisons, and continued at liberty until July 7, 1913, when he was returned to prison upon another conviction for burglary in the third degree; the sentence for this latter crime, dated the 3d day of July, 1913, rendered in the Court of General Sessions of the Peace for the City and County of New York, reciting that, said Johnson having been theretofore convicted of a felony, it was adjudged that he be imprisoned in the State prison, at hard labor, for the term of four years and five months. In the meantime, and on May 23, 1913, the relator had been declared delinquent by the Parole Board, but, appar-

ently, had not been apprehended until he was received under the second sentence.

The relator's contention now is that he should have credit for the time he was at liberty under parole, the same as if he had actually served that length of time within the prison walls; whereas, the warden contends that, the parole being illegal and unwarranted, he should serve that length of time in State prison, at hard labor, according to the judgments. The relator also contends that if he is credited with the time he was out on parole, and also credited with all the commutation and compensation to which he is entitled, he should have been discharged from prison in March last.

The rules for allowance of commutation and compensation are found in the Prison Law (Consol. Laws, chap. 43),* beginning at section 235, from which it appears that the prison authorities may recommend, and the Governor may grant, such commutation and compensation. It is conceded that the relator has not been recommended for, nor has the Governor as yet granted him, either of those benefits. And until that is done, and the exact number of months, or days, ascertained, of course it would be impossible to say by how much his definite terms have been shortened.

It seems to me, therefore, that there are two reasons why this writ must be dismissed, irrespective of the claim of the legality of the parole: *First.* It appears that the relator is being held by virtue of the final judgment of a competent tribunal of criminal jurisdiction. (Code Civ. Proc. § 2032.) *Second.* Because it does not appear that his time of service under said judgment has expired. The commutation and compensation are contingent. He may receive it all, or a part, or none.

As to the legality of the parole, *Matter of Lewis* v. *Carter* (220 N. Y. 8) would seem to be controlling. There one Bassi was found guilty of the crime of burglary in the third degree, and given a suspended sentence. Afterwards he was indicted and convicted for criminally receiving stolen property, and thereupon sentenced to a definite term of three years in

---

* Laws of 1909, chap. 47, as amd. by Laws of 1910, chap. 403. Since amd. by Laws of 1916, chap. 358.— [REP.

the State prison. After he had served one-half of this definite term he was paroled. On an application by the district attorney of Kings county for a peremptory writ of mandamus compelling the Board of Parole of State Prisons to reconsider and rescind such parole, the court says: " It was also a part of the * * * duty of the district attorney, to * * * enforce in the courts any proceeding or means, authorized by law, for the restoration of the judgment and the subjection of Bassi to it."

The Board of Parole had undertaken to reverse and abrogate, and in practical effect had abrogated and reversed, the judgment of the court for the period of the definite sentence from December 15, 1915. That seems to be precisely what was done in this case. Although the judgment of conviction upon which the relator was held in prison expressly adjudged that the defendant had theretofore been convicted of a felony, and was, therefore, ineligible for parole, he was, nevertheless, set at liberty, and remained at large from October 1, 1912, to July 7, 1913.

The court further said, in the *Carter* case, speaking of the judgment of conviction: " The board of parole had not the right to substitute for it a judgment or sentence of their own creation." The two situations seem to be precisely alike, except that in the *Carter* case the action of the Parole Board was directly attacked.

If the judgment is supreme, and the Parole Board has no right to vary it in any particular, as we are thus instructed, the warden might well have refused to honor the parole in the first place; and his determination to subject the relator, now that he has been returned, to that judgment must be approved.

Writ dismissed.